UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATHANIEL HARRISON                      :
3417 Parkway Terrace                    :
Unit 6                                  :
Suitland, Maryland  20746               :
                                        :
    Plaintiff,                        :
                                        :
    v.                                :
                                        :
Unity Health Care, Inc.                 :
1120 12th Street, S.E.                  :
Suite 120                               :
Washington, D.C. 20003                  :
                                        :
    Serve:                            :
                                        :
    CT Corporation System             :
    1015 15th Street, N.W.            :
    Suite 1000                        :
    Washington, D.C.  20005           :
                                        :
    Defendant.                        :

## COMPLAINT

This is an action under the Federal Tort Claims Act (28 U.S.C. 1346(b))("FTCA") seeking monetary damages as a result of defendant's negligence and breach of the standard of medical care.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. 1391(a) because the events giving rise to this claim took place in this judicial district.

## PARTIES

3. Plaintiff Nathaniel Harrison is an adult male currently residing in Maryland. At all times relevant to this case, Mr. Harrison was incarcerated at the Central Treatment Facility ("CTF") operated by the Corrections Corporation of America ("CCA"). Mr. Harrison was released from incarceration on or about December 20, 2013.

4. While at CTF/CCA he was medically treated from time to time by employees of Unity Health Care, the defendant herein.

5. Defendant Unity Health Care is, upon information and belief, a "Community Health Center" under the Federally Supported Health Centers Assistance Act of 1992, as from time to time amended.

6. As such, the exclusive remedy for injuries suffered as a result of treatment or lack thereof by such a Community Health Center is through the FTCA.

7. The negligent acts complained of occurred in Washington, D.C.

8. On September 11, 2015, the allegations set forth herein, along with all available supporting documentation, were received by the Department of

Health and Human Services ("DHHS"), which administers claims against a Community Health Center such as Unity Health Care.

9. On September 16, 2015, DHHS sent a letter to counsel for Plaintiff Harrison acknowledging receipt of the claim, and informing the plaintiff that if no notification of any remedy was given by DHHS within six months after receipt of the claim, Plaintiff may consider the claim to be denied.

10. Six months have expired since the filing of the claim. Accordingly, all administrative remedies have been exhausted.

## FACTUAL ALLEGATIONS

11. On or about 8 to 10 p.m. on September 2, 2013, while at CTF, plaintiff took a medication that he hoped would assist him with feelings of depression. That medication had been prescribed to another inmate.

12. Within a relatively brief period of time, Plaintiff experienced ischemic priapism, and this condition became more painful over the course of that evening.

13. When the condition persisted until about 11 p.m., Plaintiff spoke with an officer at the prison (employed by CCA) and told him that he needed to visit the medical unit urgently, as he was in great pain. The officer

(prison guard) told Mr. Harrison that he would act on Mr. Harrison's request.

14. Some time later, perhaps after a "shift change," Mr. Harison spoke with another officer about his problem, and again informed this different officer that he needed to obtain medical treatment urgently, as he was in great pain. That officer also promised to address this problem on behalf of Mr. Harrison.

15. Despite his many requests, employees and/or agents of CCA did not bring Mr. Harrison to one of the medical units at CTF for several more hours, perhaps as many as seven or eight hours after he first complained to the first officer.

16. Because Mr. Harrison was seeking urgent medial treatment, rather than thinking in terms of eventually filing a lawsuit, Mr. Harrison did not regularly consult a watch or clock to see how much time had elapsed from the time of his first request to the first officer with whom he spoke to the time he was brought to a medical unit at CTF. Records show, however, that he was not transported to, and seen by, medical personnel at Howard University Hospital in Washington, D.C. until approximately 2 p.m. on September 3, 2013 – at least more than fourteen hours after he first sought medical attention from a CCA officer.

17. Based upon available records, as well as other information, plaintiff believes and submits that about six to seven hours elapsed from the time Mr. Harrison was brought to a medical unit at CTF until the time he was transported to Howard University Hospital for treatment.

18. Ischemic priapism requires urgent intervention to prevent ischemic damage and subsequent permanent fibrotic change of corporal tissue.

19. Because of the delay both on the part of CCA employees/agents as well as Unity Health Care employees/agents, Mr. Harrison suffered from, and continues to suffer from, impotence. It is likely that his impotence is permanent. He also experienced a lot of pain on the days in question.

20. Mr. Harrison's personal life has been, and will continue to be, impacted by this condition. It is not only embarrassing but also a great obstacle to finding and staying with a romantic partner, and has caused and will continue to cause Mr. Harrison a great deal of emotional distress.

### COUNT I – Negligence

21. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22. Employees and/or agents of Unity Health Care owed a duty of care to Plaintiff to ensure that he received appropriate medical care while at CTF.

23. These employees and/or agents breached their duty of care in that they negligently delayed transporting Mr. Harrison to a facility that was equipped to treat Mr. Harrison's condition, and they were otherwise negligent.

24. As a direct result of the negligence of employees and/or agents of Unity Health Care, Mr. Harrison suffered from, and will continue to suffer from, impotence, embarrassment, pain and suffering, humiliation, and interference with his ability to engage in, and enjoy, interpersonal relationships.

25. Defendant's negligence was a proximate cause of Plaintiff's injuries, as outlined in the preceding paragraph.

    WHEREFORE, Plaintiff Nathaniel Harrison, demands judgment against defendant Unity Health Care for all damages allowable by law, up to and including two and a half million dollars ($2,500,000), plus costs, interest, and such other relief as this Court may deem proper.

## COUNT II – Medical Negligence

26. Plaintiff incorporates the allegations contained in paragraphs 1 through 25 as if fully set forth herein. He goes on to state:

27. Unity Health Care, as well as its agents and/or employees, owed a duty to Mr. Harrison to provide him with that degree of care and skill exercised

by a reasonable and prudent health care provider in the same or similar circumstances during their care of Mr. Harrison.

28. Defendant and its employees/agents breached their duty of care in that they negligently failed to correctly and timely diagnose Mr. Harrison's medical condition; delayed transporting Mr. Harrison to a facility that was equipped to treat Mr. Harrison's condition; and they were otherwise negligent.

29. As a direct result of the negligence of employees and/or agents of Unity Health Care, Mr. Harrison suffered from, and will continue to suffer from impotence, embarrassment, pain and suffering, humiliation, mental anguish, loss of society and companionship, and interference with his ability to engage in, and enjoy, interpersonal relationships.

30. Defendant's negligence was a proximate cause of Plaintiff's injuries, as outlined in the preceding paragraph.

WHEREFORE, Plaintiff Nathaniel Harrison, demands judgment against defendant Unity Health Care for all damages allowable by law, up to and including two and a half million dollars ($2,500,000), plus costs, interest, and such other relief as this Court may deem proper.

                                             Respectfully submitted,

                                             Brennwald, Caleb & Robertson, LLP

By: /s/
_____
Stephen F. Brennwald #14388
922 Pennsylvania Avenue, S.E.
Washington, D.C.  20003
(202) 544-1990
(202) 544-7626 (facsimile)
sbrennwald@bcrlawfirm.com

Attorney for Plaintiff