# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHANIEL HARRISON, <br> Plaintiff <br> v. <br> UNITED STATES OF AMERICA, *et al.*, <br> Defendants | Civil Action No. 16-1829 (CKK) |

**Memorandum Opinion**
(September 28, 2018)

Plaintiff Nathaniel Harrison alleges that on the evening of September 2, 2013, while incarcerated at the Central Treatment Facility in Washington, D.C., he ingested a pill prescribed to another inmate and became gravely ill. *See* Sec. Am. Compl., ECF No. [33], ¶¶ 16-17. He alleges that he repeatedly requested urgent medical treatment from prison employees and that their negligent delay in providing such treatment resulted in his permanent impotence. *Id.* ¶ 25. Plaintiff has brought medical negligence and ordinary negligence claims against Defendants Unity Health Care, Inc. and CoreCivic. *Id.* ¶¶ 27-48. With the consent of Plaintiff, the United States was substituted for Defendant Unity Health Care, which was acting as an "employee" of the Public Health Service at the time of the incidents alleged in the Complaint.

Pending before the Court are CoreCivic's [38] Motion to Dismiss and the United States' [40] Motion to Dismiss. Upon consideration of the pleadings[1], the relevant legal authorities, and

---

[1] The Court's consideration has focused on the following documents: Defendant CoreCivic's Motion to Dismiss, ECF No. [38]; Plaintiff's Opposition to Defendant CoreCivic's Second Motion to Dismiss, ECF No. [39]; Defendant CoreCivic's Reply in Support of its Motion to Dismiss, ECF No. [41]; Memorandum of Points and Authorities in Support of Defendant United States of America's Motion to Dismiss the Second Amended Complaint, ECF No. [40]; Plaintiff's Opposition to Defendant United States' Second Motion to Dismiss, ECF No. [43]; and Reply in Support of Defendant United States of America's Motion to Dismiss the Second Amended Complaint, ECF No. [44].

the record as a whole, the Court GRANTS IN PART AND DENIES IN PART CoreCivic's [38] Motion to Dismiss and GRANTS the United States' [40] Motion to Dismiss. As to Defendant CoreCivic, CoreCivic was under no duty to provide medical care to inmates, so Plaintiff's claim for medical negligence against CoreCivic is dismissed. But, CoreCivic has not shown that Plaintiff failed to state a negligence claim, so that claim is not dismissed. As to Defendant United States, Plaintiff's claims against the United States are barred by the Federal Tort Claims Act's ("FTCA") statute of limitations, so they are dismissed. *See* 28 U.S.C. § 2401(b).

## I. Background

At the time of the incident, Plaintiff was an inmate at the Central Treatment Facility in Washington, D.C., operated by CoreCivic. Sec. Am. Compl., ECF No. [33], ¶ 3. On the evening of September 2, 2018, Plaintiff took a medication which was prescribed to another inmate in the hope that it would assist him with his depression. *Id.* at ¶ 16. Within a short time, Plaintiff experienced ischemic priapism, and this condition became worse over the course of the evening. *Id.* at ¶ 17.

After a few hours, Plaintiff told an officer at the prison that he urgently needed to visit the medical unit as he was in pain. The officer told Plaintiff that he would arrange the visit. *Id.* at ¶ 18. Shortly thereafter a shift change occurred, and Plaintiff again told another officer that he needed medical treatment as he was in pain. This officer also told Plaintiff that he would arrange the visit. *Id.* at ¶ 19.

Despite these requests, the officers did not bring Plaintiff to the medical unit for several more hours. *Id.* at ¶ 20. Plaintiff was eventually brought to the medical unit at his prison, where he was treated by employees of Unity Health Care. *Id.* at ¶¶ 5, 21. Then, approximately six to seven hours later, Plaintiff was transported to Howard University Hospital in Washington, D.C.

for treatment. *Id.* at ¶¶ 21-22. Plaintiff was seen by Howard's medical staff at approximately 2 p.m. on September 3, 2013. *Id.* at ¶ 21.

Plaintiff contends that the delay in treating his ischemic priapism resulted in impotence which is likely permanent. *Id.* at ¶¶ 24-25. Plaintiff claims that his impotence has severely affected his personal life. *Id.* at ¶ 26.

On September 11, 2015, the Department of Health and Human Services ("HHS"), which administers claims against Unity Health Care, received Plaintiff's claim. *Id.* at ¶ 10. HHS informed Plaintiff that if no notification of a remedy was given within six months, Plaintiff could consider the claim denied. *Id.* at ¶ 11. More than six months after filing the claim with HHS, Plaintiff notified Defendant CoreCivic of his intent to sue CoreCivic and Unity Health Care. *Id.* at ¶ 13; *see* D.C. Code § 16-2802 (requiring 90-days' notice prior to filing a medical malpractice suit). After giving proper notice, Plaintiff initiated suit in this Court.

Plaintiff has four claims. Under Count I, Plaintiff is suing Unity Health Care for negligence. *Id.* at ¶¶ 27-31. In Count II, Plaintiff claims Unity Health Care was medically negligent. *Id.* at ¶¶32-36. Under Count III, Plaintiff sues CoreCivic for negligence. *Id.* at ¶¶ 37-42. Lastly, in Count IV, Plaintiff claims CoreCivic was medically negligent. *Id.* at ¶¶ 43-48.

**II.   Legal Standard**

Both Defendants move to dismiss Plaintiff's Second Amended Complaint for "failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 12(b)(6). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*,

550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks omitted). The court may also consider documents in the public record of which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

### III.    CoreCivic's Motion to Dismiss

CoreCivic presents two grounds on which it asks the Court to dismiss Plaintiff's claims. First, CoreCivic asks the Court to take judicial notice that CoreCivic did not have a duty to provide medical care to inmates, thereby barring Plaintiff's Count IV claim for medical negligence. Second, CoreCivic argues that Plaintiff's Count III negligence claim is barred as a matter of law due to Plaintiff's assumption of the risk and contributory negligence. The Court finds that CoreCivic was under no duty to provide medical care to inmates. Accordingly, Plaintiff's Count IV claim for medical negligence should be dismissed. But, CoreCivic has not shown that Plaintiff's Count III claim for negligence is barred as a matter of law by Plaintiff's assumption of the risk or contributory negligence.

First, Plaintiff fails to state a claim against CoreCivic for medical negligence because CoreCivic was under no duty to provide inmates, including Plaintiff, with medical services. Plaintiff alleges that "CoreCivic, as well as its agents and/or employees, owed a duty to Mr.

4

Harrison to provide him with that degree of care and skill exercised by a reasonable and prudent health care provider in the same or similar circumstances during their care of Mr. Harrison." Sec. Am. Compl., ECF No. [33], ¶ 44. But, it is a matter of public record that CoreCivic does not provide medical care to inmates. Instead, it is Unity Health Care which has a separate contract with the District of Columbia to provide medical and mental health care to inmates.

In ruling on a motion to dismiss, the Court may consider documents in the public record of which the Court may take judicial notice. *Chao*, 508 F.3d at 1059. Here, the Court takes judicial notice of the fact that, effective 2006, Unity Health Care was the sole provider of healthcare for inmates in the District of Columbia. *See* Joint Hearing on the Performance of Unity Healthcare before the Committee on Health and the Committee on Public Safety and the Judiciary, Council of the District of Columbia, Testimony of Devon Brown at 3, July 12, 2007[2]; *see also Jackson v. Corr. Corp. of Am.*, 564 F. Supp. 2d 22, 26 (D.D.C. 2008) (taking judicial notice that, effective 2006, Unity Health Care assumed the contract for providing District of Columbia inmates with healthcare).

Plaintiff seems to understand that his medical negligence claim against CoreCivic is misplaced. Plaintiff concedes that Unity Health Care, and not CoreCivic, was under contract to provide healthcare to inmates. Opposition to Defendant CoreCivic's Second Motion to Dismiss, ECF No. [39], 3. Moreover, Plaintiff concedes that CoreCivic's employee correctional officers are "not normally considered to be a 'healthcare provider.'" *Id.* at 4.

Because CoreCivic was under no duty to provide inmates with medical care, Plaintiff can allege no facts under which CoreCivic is liable for a claim of medical negligence. Plaintiff's

---

[2] Available for public viewing at:
http://otr.cfo.dc.gov/sites/default/files/dc/sites/doc/publication/attachments/DOC_Joint_Hearing_on_the_Performance_of_Unity_Healthcare_July_12_2007.pdf.

claim against CoreCivic should instead be dealt with under ordinary negligence principles. Accordingly, the Court dismisses Count IV of Plaintiff's Second Amended Complaint alleging medical negligence against CoreCivic. Sec. Am. Compl., ECF No. [33], ¶¶ 43-48.

CoreCivic also asks the Court to dismiss Count III of Plaintiff's Second Amended Complaint alleging negligence. *Id*. at ¶¶ 37-42. CoreCivic contends that Plaintiff's negligence claim is barred as a matter of law by Plaintiff's assumption of the risk and/or his contributory negligence in voluntarily ingesting a medication prescribed for another inmate. But, it is the rare and exceptional case in which the evidence is so clear that the Court must find assumption of the risk or contributory negligence as a matter of law. *See Krombein v. Gali Serv. Indus., Inc.*, 317 F. Supp. 2d 14, 18 (D.D.C. 2004). And here, CoreCivic has not met its burden of proof.

The Court will first address CoreCivic's assumption of the risk argument. In the District of Columbia, assumption of the risk bars recovery in a negligence action. *White v. United States*, 780 F.2d 97, 107 n.36 (D.C. Cir. 1986). In order for a plaintiff's claims to be barred by an assumption of the risk defense, the plaintiff must have had knowledge of the danger, and the plaintiff must have voluntarily exposed himself to that known danger. *See Bell v. Elite Builders*, 949 F. Supp. 2d 143, 148 (D.D.C. 2013). To prevail on this defense, the defendant must show that the plaintiff had actual knowledge of the risk which was incurred. *Krombein*, 317 F. Supp. 2d at 20.

CoreCivic argues that Plaintiff assumed the risk of harm that could ensue from taking a medication which had not been prescribed to him by a medical provider familiar with his medical history and potential interactions with other medications he may have been taking. But, the risk of taking un-prescribed medication is not an obvious risk like "'the danger of slipping on ice, of falling through an unguarded opening, [or] of lifting heavy objects.'" *Loughlin v. United*

6

*States*, 230 F. Supp. 2d 26, 45 (D.D.C. 2002) (quoting *Reid v. Washington Overhead Door, Inc.*, 122 F. Supp. 2d 590, 595 (D. Md. 2000)). Even if Plaintiff took the medication voluntarily, it is not evident from the complaint that Plaintiff had subjective knowledge of the risks he faced in taking another inmate's prescribed medication. And, without more evidence, the Court is not prepared to say that Plaintiff "'actually [knew] the full scope and magnitude of the danger'" that he exposed himself to. *Loughlin*, 230 F. Supp. 2d at 45 (D.D.C. 2002) (quoting *Piedmont v. Johnston*, 999 F.Supp. 34, 57 (D.D.C. 1998)). Accordingly, Plaintiff's negligence claim is not barred as a matter of law by his assumption of the risk. A factual record through discovery needs to be developed.

The Court next addresses CoreCivic's argument on contributory negligence. Like assumption of the risk, contributory negligence bars recovery on a claim of negligence in the District of Columbia. *C & E Serv., Inc. v. Ashland, Inc.*, 498 F. Supp. 2d 242, 263 (D.D.C. 2007). The District of Columbia uses the Restatement (Second) of Torts' definition of contributory negligence. *District of Columbia v. Brown*, 589 A.2d 384, 388 (D.C. 1991). Under that definition, a "plaintiff's contributory negligence may be either (a) an intentional and unreasonable exposure of himself to danger created by the defendant's negligence, of which danger the plaintiff knows or has reason to know, or (b) conduct which, in respects other than those stated in Clause (a), falls short of the standard to which the reasonable man should conform in order to protect himself from harm." Restatement (Second) of Torts, § 466(b). CoreCivic relies only on the second definition of contributory negligence: conduct which falls short of the standard to which the reasonable man should conform to protect himself from harm. *Id.*

The Court finds that it is not clear from the face of the complaint whether taking the un-prescribed medication was an action which fell short of the standard to which the reasonable man

7

should conform. Other than being an anti-depressant, there is no evidence of what type of medication Plaintiff consumed. Accordingly, there is no evidence of whether the dangers of that medication would have been known to the reasonable man. The Court concludes that this is not the rare and exceptional case where contributory negligence can be decided as a matter of law at the motion to dismiss stage without a factual record developed through discovery. *See Krombein*, 317 F. Supp. 2d at 18.

Giving full consideration to the parties' arguments, the Court will GRANT IN PART AND DENY IN PART CoreCivic's [38] Motion to Dismiss. The Court dismisses Count IV of the Second Amended Complaint for medical negligence because CoreCivic was under no duty to provide Plaintiff, or any other inmate, with medical care. But, Plaintiff may proceed with Count III of the Second Amended Complaint because CoreCivic has not shown that Plaintiff's negligence claim is barred as a matter of law by assumption of the risk or by contributory negligence.

### IV. United States' Motion to Dismiss

The United States argues that Plaintiff failed to present a claim for which relief can be granted because Plaintiff's claims against the United States are barred by the FTCA's statute of limitations. The FTCA "waives the United States's sovereign immunity from tort claims and, subject to exceptions, renders the United States liable in tort as if it were a private person." *Gross v. United States*, 771 F.3d 10, 12 (D.C. Cir. 2014). Section 2401(b) of the FTCA "provides that a tort claim against the United states 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim.'" *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015) (quoting 28 U.S.C. § 2401(b)). The United States argues

that Plaintiff's claim is barred by the statute of limitations because Plaintiff failed to present his claim to HHS within two years of accrual. The Court agrees that Plaintiff failed to timely bring his claim. Accordingly, Plaintiff's claims against the United States are barred.

A FTCA claim accrues when "a plaintiff has discovered both his injury and its cause", even though he is unaware that the harm was negligently inflicted." *United States v. Kubrick*, 444 U.S. 111, 120 (1979). Here, Plaintiff's claims accrued on September 2 and 3, 2013. Within hours of taking the unprescribed medication, Plaintiff experienced pain and received the allegedly negligent care in the prison's medical unit. *See* Sec. Am. Compl., ECF No. [33], ¶¶ 17-26; *see also Cronauer v. United States*, 394 F. Supp. 2d 93, 103 (D.D.C. 2005) (finding that the claims accrued at the date of injury because "the plaintiffs' injuries were apparent immediately"). Under the FTCA's statute of limitations, Plaintiff was required to present his administrative claim to HHS within two years, or by September 3, 2015. *See* 28 U.S.C. § 2401(b). But, Plaintiff's claim was not submitted to the HHS until September 11, 2015, approximately one week late. Sec. Am. Compl., ECF No. [33], ¶ 10.

Despite submitting his claim to the federal agency more than two years after his claim accrued, Plaintiff contends that his claim is not barred by the statute of limitations. Plaintiff argues that his claim was tolled because he was under a legal disability until released from prison on December 20, 2013. Accordingly, Plaintiff contends that the statute of limitation's time period did not begin on September 3, 2013, but rather on December 20, 2013 when he was released from prison. Because Plaintiff submitted his claim to the federal agency prior to December 20, 2015, he argues that his claim is not time barred.

As support that the time period did not commence while he was incarcerated, Plaintiff points to a District of Columbia law which provides that "when a person entitled to maintain an

9

action is, at the time the right of action accrues … imprisoned- he … may bring action within the time limited after the disability is removed." D.C. Code § 12-302(a)(3). But, Plaintiff's reliance on the D.C. Code's tolling provision is misplaced. "The accrual date of a [federal] cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original). So, the accrual date for Plaintiff's FTCA claim is unaffected by the D.C. Code's tolling provision for imprisonment. *Warren v. Cent. Intelligence Agency*, 210 F. Supp. 3d 199, 202-03 (D.D.C. 2016) (rejecting argument that D.C. Code § 12-302(a)(3) tolled the FTCA's statute of limitations*); see also Thomas v. United States Parole Comm'n*, No. 03-5289, 2004 WL 758966, at *1 (D.C. Cir. Apr. 7, 2004) (relying on *Sexton v. United States*, 832 F.2d 629, 633 n.4 (D.C. Cir. 1987) to decline to apply DC Code § 12-302(a)(3) to toll the FTCA's statute of limitations because the FTCA's statute of limitations must be interpreted solely by reference to federal law).

Insofar as Plaintiff also argues that his claim was equitably tolled while he was in prison, this claim also fails. The FTCA's statute of limitations is non-jurisdictional and subject to equitable tolling. *Kwai Fun Wong*, 135 S. Ct. at 1629. Courts only sparingly extend the relief of equitable tolling and generally deny equitable tolling where the plaintiff has failed to exercise due diligence in preserving his judicial remedies. *See Norman v. United States*, 467 F.3d 773, 775-776 (D.C. Cir. 2006). Here, Plaintiff has not shown that he exercised due diligence in preserving his judicial remedies. Imprisonment is the only reason Plaintiff provides to excuse his late filing. Imprisonment alone is not the sort of "extraordinary circumstance" which merits equitable tolling. *See Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014) (requiring that "litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action").

Plaintiff presents no other argument for why his claim is not time barred under the FTCA's statute of limitations.[3] Accordingly, Plaintiff's claim was running while he was imprisoned and was untimely when submitted to HHS on September 11, 2015. Because Plaintiff's claims as to the United States are untimely, the Court GRANTS the United States' [40] Motion to Dismiss.

V.      **Conclusion**

Considering the arguments of the parties, the Court GRANTS IN PART AND DENIES IN PART CoreCivic's [38] Motion to Dismiss and GRANTS the United States' [40] Motion to Dismiss. For the reasons explained above, Counts I, II, and IV of Plaintiff's Second Amended Complaint are DISMISSED WITH PREJUDICE. Plaintiff may proceed with Count III against CoreCivic. A separate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[3] The Court previously granted the United States' [25] Motion for Judgment on the Pleadings, dismissing Plaintiff's claims against the United States as time-barred under the FTCA. Order, ECF No. [31], 3. But, that dismissal was without prejudice, as Plaintiff argued that he actually submitted his form to HHS on September 2, 2015 and that the form was in the mailroom of HHS by that date. Plaintiff's Opposition to United States' Motion for Judgment on the Pleadings, ECF No. [29], 2-3. The Court allowed Plaintiff to amend his complaint to add these factual allegations, if he could do so in good faith. Order, ECF No. [31], 4. Plaintiff's Second Amended Complaint contains no factual allegations that Plaintiff had submitted his claim to HHS by September 2, 2015. *See generally* Sec. Am. Compl., ECF No. [33].